22-6264
Lin v. Garland

BIA
Loprest, IJ
A206 772 528

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

CHANGQIN LIN,
> *Petitioner,*

v.                                                                          **22-6264**
                                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Adedayo O. Idowu, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Changqin Lin, a native and citizen of the People's Republic of China, seeks review of a May 3, 2022, decision of the BIA affirming a May 23, 2019, decision of an Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Changqin Lin,* No. A206 772 528 (B.I.A. May 3, 2002), *aff'g* No. A206 772 528 (Immigr. Ct. N.Y.C. May 23, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review the IJ's decision as modified by the BIA, and do not address Lin's challenges to the IJ's conclusions that his asylum application was untimely or that he was not credible as those are not grounds that the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). An applicant for asylum and withholding of removal must establish

2

past persecution or a well-founded fear or likelihood of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A). To obtain CAT relief, an applicant must demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

As the Government argues, Lin failed to exhaust his argument that government officials in China persecuted him on account of his political opinion after he complained about the exercise of eminent domain over his family's property. Although he raised this argument before the IJ, he abandoned it before the BIA when he expressly argued that his claim was not based on political opinion. Thus, the BIA did not reach this argument, holding it had been waived. Accordingly, we do not reach Lin's unexhausted claim of past persecution on account of political opinion. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 (2d Cir. 2023) (discussing requirement that petitioners exhaust issues before the BIA); *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA.").

Lin's sole argument regarding future harm is that the agency should have

3

presumed he has a well-founded fear of persecution on account of a protected ground because he established past persecution on account of political opinion. An applicant who establishes past persecution on account of a protected ground is presumed to have a well-founded fear or likelihood of future persecution on that ground. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). But Lin's argument fails because he has not established past persecution. As just explained, he waived and failed to exhaust his challenge to the IJ's denial of his political-opinion claim.

Further, Lin does not meaningfully challenge, and thus we do not reach, the agency's determinations that he failed to demonstrate either a well-founded fear of persecution on account of his religious practice in the United States or a likelihood of torture. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court